IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES M. THARPE,<br>  *Plaintiff*,<br>v.<br>RUDY K. LAWIDJAJA,<br>  *Defendant*. | CIVIL ACTION NO. 6:12-CV-00039<br><br>**MEMORANDUM OPINION<br>AND O R D E R**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

I have before me an "Emergency Motion to Withdraw as Attorney," filed by counsel for Defendant, Rudy K. Lawidjaja, and a "Motion to Continue and for Other Relief" subsequently filed by counsel for Defendant. For the reasons stated herein, the motion to withdraw (docket no. 63) is denied without prejudice, and the motion to continue (docket no 67) is granted, in part, to the extent that the trial date must be continued, and denied, in part, to the extent that it seeks to permit Defendant to present witnesses telephonically.

**I.**

The motion to withdraw states that

> [t]he representation of Defendant has been rendered unreasonably difficult by virtue of counsels' continuing inability to communicate fully and effectively with Defendant regarding the substance of this action and by Defendant's failure substantially to fulfill an obligation to counsel regarding their services as required by the signed retainer agreement between Defendant and the Spirer Law Firm, P.C.

Counsel's motion, which is submitted with an affidavit in support, adds that "Counsel are currently able to communicate directly only through text messages and, indirectly, only through Defendant's personal counsel." Counsel also states that, regarding Defendant's failure "to fulfill his financial obligations to counsel regarding their services as required by a signed retainer

agreement," "Defendant has been given reasonable warning that counsel would move to withdraw unless this obligation was fulfilled."

## II.

After filing the motion to withdraw, counsel for Defendant filed a motion seeking a continuance and for "an opportunity to have several witnesses . . . appear at trial telephonically."

### A.

Regarding the motion to continue, Defendant's counsel cites as a primary reason their motion to withdraw, stating that "Defendant will likely be seeking substitute counsel with whom he feels he may be able to communicate more effectively. Should substitute counsel be obtained, substitute counsel will well need a reasonable period of time in which to review the record and to prepare for trial." Counsel also states that, "[a]s a consequence of Plaintiff's propounding discovery out of time, Defendant has only this date served on Plaintiff final responses to Plaintiff's requests for production," and that conditions placed on Defendant's access to "electronic devices on which Plaintiff stored data received through certain IP addresses . . . mean that access by Defendant will not likely occur in sufficient time for Defendant to use the information effectively at trial." Counsel also allows that a decision on Defendant's pending motion for partial summary judgment "that sustains any of Plaintiff's causes of action will likely require a significant adjustment in trial preparations."

### B.

Citing no authority or precedent, Defendant requests that "several witnesses who would have a difficult time appearing at the trial and who reside outside the subpoena reach of the court be permitted to appear telephonically."

### III.

*A.*

I find that the circumstances favor granting the continuance, and I grant the motion to continue to the extent it seeks a continuance.

*B.*

The motion to withdraw filed by counsel for Defendant shows good cause for granting the motion. *See, e.g.,* Va. Rules of Prof'l Conduct 1.16(b)(4) (authorizing the withdrawal from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"); Va. Rules of Prof'l Conduct 1.16(b)(5) (authorizing the withdrawal from representation if "the representation will result in an unreasonable financial burden on the lawyer or *has been rendered unreasonably difficult by the client*") (emphasis added); W.D. Va. Gen. R. 6(i) ("No attorney of record shall withdraw from any cause pending in this Court, except with the consent of the Court for good cause shown."); *Titan Atlas Manufacturing, Inc. v. Sisk*, Civil Action No. 1:11-cv-00012 (authorizing withdrawal within three weeks of trial date due to client's failure to pay fees owed to counsel) (docket no. 288, Oct. 22, 2012).

However, I deny the motion to withdraw without prejudice to counsel's leave to renew the motion after a new trial date is set. Counsel's conduct in continuing to file motions and notices on Defendant's behalf implicitly acknowledges the necessity of this sequence. Since filing the motion to withdraw, counsel for Defendant has filed the following on Defendant's behalf: a supplemental certificate of service (docket no. 64) certifying that counsel mailed its motion to withdraw to Defendant; Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures (docket no. 66); a motion to continue and for other relief (docket no. 67); a notice (docket no. 68)

memorializing Defendant's opposition to his counsel's motion to withdraw; and a reply (docket no. 71) to Plaintiff's response in opposition.

C.

To the extent the motion to continue the jury trial includes a request "that several witnesses who would have a difficult time appearing at the trial and who reside outside the subpoena reach of the court be permitted to appear telephonically," it is denied.

Rule 43 of the Federal Rules of Civil Procedure, subtitled "**Taking Testimony**," provides as follows:

> **(a)** **In Open Court.** At trial, the witnesses' testimony *must* be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

(Emphasis added.) The Advisory Committee Notes to the 1996 Amendments specifically address Rule 43(a), advising that

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial*.

(Emphasis added.) "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for *unexpected reasons*, such as accident or illness, but remains able to testify from a different place." *Id*. (emphasis added).

> Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while

the witness is testifying.

*Id*. And, although an "*unforeseen need* for the testimony of a remote witness that arises during trial . . . *may* establish good cause and compelling circumstances," "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*. (emphasis added).

Defendant's assertion that it is inconvenient for his witnesses to attend the trial does not show "good cause in compelling circumstances" to justify the telephonic transmission of trial testimony. Fed. R. Civ. P. 43(a).

### IV.

Accordingly, the motion to continue (docket no 67) is **granted**, **in part**, to the extent that the trial date must be continued, and it is **denied**, **in part**, to the extent that it seeks to permit Defendant to present witnesses telephonically. The motion to withdraw (docket no. 63) is **denied without prejudice** to counsel's leave to renew the motion after a new trial date is set.

The Clerk of the Court is directed to transmit a certified copy of this memorandum opinion and order to all counsel of record for the parties; to Defendant, Rudy K. Lawidjaja, 139 Chevy Chase Street, Gaithersburg, MD 20878; and to United States Magistrate Judge Robert S. Ballou.

**ENTERED** this 5th day of November, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE